UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Criminal No. 17-cr-20489

v.                                     Hon. Terrence G. Berg

MAURICE MONTAIN MCCOY, JR.,

       Defendant.

---

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**

---

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, together with Defendant Maurice Montain McCoy, Jr., ("Defendant"), individually and by and through his attorney, Maria P. Mannarino, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

    1.    The United States of America (the "United States") obtained a Ninth Superseding Indictment on or around June 17, 2020, which charged Defendant in Count One with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846, and in Count

Four, with Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 390).

    2.    Count Four of the Ninth Superseding Indictment includes, in relevant part to this stipulation, the allegation that on or about April 27, 2015, the defendant conspired to purchase a 2012 Porsche Panamera utilizing criminally derived payments in excess of $10,000. (*Id.* at PageID.2804).

    3.    The Indictment contains forfeiture allegations providing that, upon conviction of the Count One offense, and pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. (*Id.* PageID.2805). The forfeiture allegation further allege that upon conviction of the Count Four offense, and pursuant to 18 U.S.C. § 982(a)(1), the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property. (*Id.*) It is further specified in the Ninth Superseding Indictment that the property to forfeited,

2

includes in relevant part, but is not limited to the following (hereinafter, the "Subject Property"):

- One 2012 Porsche Panamera, VIN: WP0AB2A74CL061344.

(*Id.* at PageID.2805-2806)

4. On November 3, 2022, Defendant pleaded guilty to Count One and Count Four of the Ninth Superseding Indictment.

5. Defendant stipulates that the property involved in the violation of Count Four of the Ninth Superseding Indictment includes the Subject Property, and that any and all of Defendant's interest in the Subject Property shall be forfeited to the United States as property traceable to his violation of Count One and/or property involved in his violation of Count Four.

6. Defendant's counsel affirms that she has discussed the forfeiture of the defendant's interest in the Subject Property and that the defendant consents to the entry of an order of forfeiture forfeiting his interest in the Subject Property.

Therefore, based on the Indictment, Defendant's conviction, this Stipulation, and other information in the record, and pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), the Subject Property **IS**

3

**FORFEITED** to the United States for disposition according to law, and any right, title, or interest of Defendant, and any right, title, or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a

4

legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third-party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that, after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third-party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

//
//
//

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/Gjon Juncaj | s/Maria P. Mannarino (w/consent) |
| Gjon Juncaj [P63256] | Maria P. Mannarino [P39531] |
| Assistant United States Attorney | Attorney for Defendant McCoy |
| 211 W. Fort Street, Suite 2001 | 500 Griswold, Suite 2450 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-0209 | (248) 761-7347 |
| gjon.juncaj@usdoj.gov | mmannarino@comcast.net |
| | |
| Dated: March 23, 2023 | Dated: March 23, 2023 |

******************************************

**IT IS SO ORDERED.**

/s/Terrence G. Berg
_____
Dated:                           Honorable Terrence G. Berg
March 24, 2023                   United States District Judge